UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 23-467, 23-469

**Caption [use short title]**

**Motion for:** expedited briefing schedule

Set forth below precise, complete statement of relief sought:

motion to expedite briefing schedule on forthcoming emergency motion to vacate stay, and for expansion of word limits.

In re: Voyager Digital Holdings, Inc.

**MOVING PARTY:** Official Committee of Unsecured Creditors
**OPPOSING PARTY:** United States et al.

☐ Plaintiff  ☐ Defendant
☑ Appellant/Petitioner  ☐ Appellee/Respondent

**MOVING ATTORNEY:** Paul W. Hughes
**OPPOSING ATTORNEY:** Peter Aranoff

[name of attorney, with firm, address, phone number and e-mail]

McDermott Will & Emery LLP
500 North Capitol St., NW, Washington DC 20001
(202) 756-8981, phughes@mwe.com

US Attorney's office for SDNY
86 Chambers St, New York, NY 10007

**Court- Judge/ Agency appealed from:** S.D.N.Y. - Hon. Jennifer H. Rearden

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed  ☐ Opposed  ☑ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☑ No
Has this relief been previously sought in this court? ☐ Yes ☑ No

Requested return date and explanation of emergency:
Return date for unopposed motion to expedite as soon as possible; return date for underlying emergency motion to vacate stay April 12, 2023. If the stay is not lifted by April 13, the transaction on which the Chapter 11 plan is premised may fall through, which would destroy $100 million in value for creditors.

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No  If yes, enter date:_____

**Signature of Moving Attorney:**
/s/ Paul W. Hughes   **Date:** 4/3/2023   Service by: ☑ CM/ECF  ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

# Nos. 23-467, 23-469

*In the*

# United States Court of Appeals
*for the*
# Second Circuit

───────────────────────────

IN RE VOYAGER DIGITAL HOLDINGS, INC., et al., *Debtors*

OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF VOYAGER DIGITAL HOLDINGS, INC,
*Appellant*,

– v. –

UNITED STATES OF AMERICA, et al.,

*Appellees.*

───────────────────────────

On appeal from the United States District Court for
the Southern District of New York

───────────────────────────

## EMERGENCY MOTION OF
## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
## FOR AN EXPEDITED BRIEFING SCHEDULE

───────────────────────────

Pursuant to Federal Rules of Appellate Procedure 2 and 27 and Second Circuit Local Rule 27.1(d), Appellant the Official Committee of Unsecured Creditors (the Committee) respectfully requests that the Court set an expedited schedule for briefing and resolving Appellant's emergency motion

1

to vacate the stay pending appeal. There is good cause to expedite consideration of the motion to vacate the stay: if the stay is in effect after **April 12**, there is undisputed evidence that Voyager's creditors stand to lose approximately $100 million in value.

Counsel for the Committee has conferred with counsel for the government. The government does not appear to oppose an expedited briefing schedule, but the parties have yet to agree upon precise dates. Further, the government does not appear to oppose the Committee's request for an expansion of words, condition on the government have a reciprocal extension.

## BACKGROUND

This case concerns the bankruptcy proceedings of Voyager Digital, a cryptocurrency broker. Since July 2022, more than a million of Voyager's customers have been unable to access the assets that they held on the Voyager platform. For many customers, these assets represent a significant portion of their net worth, and many individuals are struggling financially because of an inability to access these assets.

Following lengthy bankruptcy proceedings, the debtor entered into an Asset Purchase Agreement with a third party (Binance.US). The bankruptcy court approved this agreement as the lynchpin to a Chapter 11 reorganization plan. Unless the debtor provides certain notices to Binance.US by or before April 13, 2023, Binance.US may rescind the agreement (*see*

Bankr. Dkt. 835, at ECF page 5, 77), which would scuttle the entire reorganization plan. If that happens, the bankruptcy court found that it would cost the creditors roughly $100 million worth of assets that would otherwise be distributed to creditors. *See* Bankr. Dkt. 1190 (bankruptcy court order denying stay) ("[T]he uncontroverted evidence before me . . . is that a loss of the Binance.US transaction would lead to a reduction of approximately $100 million in the assets available for distribution to creditors.").

As part of this court-ordered restructuring, certain cryptocurrency transactions must be made by the parties or others working at their direction. The bankruptcy court included an exculpation clause in the reorganization plan providing that—so long as parties do not act fraudulently or with gross negligence or willful misconduct—they cannot be held liable for performing the actions ordered by the Court.

The government maintains that, even though parties may act according to the precise letter of the bankruptcy court's reorganization plan—making crypto transactions necessary to effectuate it—the government must retain the ability to bring criminal or civil actions against parties who do nothing more than take the steps required to effectuate the court-ordered plan. The bankruptcy court had little trouble rejecting that extraordinary claim. But the district court entered a stay, which—if left undisturbed by this Court—places the entire Chapter 11 reorganization at risk.

3

In these circumstances, an expedited schedule is warranted.

## ARGUMENT

**1.** This Court is "generous in granting motions to expedite." *In re Iceland Inc.*, 112 F.3d 504 (2d Cir. 1997). All that need be shown is "good cause." Fed. R. App. P. 2. And good cause surely exists here. If the district court's stay remains in effect beyond April 12, the central premise of the restructuring plan may be eviscerated, leaving Voyager's many creditors with a monumental loss in value. The Committee will show comprehensively in its motion to vacate that the stay should be lifted. But the requested relief will be worthless if the primary deal brokered in the restructuring plan falls apart before the stay is vacated.

Expedited consideration of the Committee's motion is thus necessary to preserve its right to meaningful appellate review, and to prevent the stay entered below from *de facto* destroying the restructuring plan approved by the bankruptcy court.

The Committee is acting immediately upon receiving the district court's opinion: The district court issued its opinion at approximately 10pm on Friday, March 31. The court then issued a revised opinion on Saturday, April 1. The Committee is filing its motion to vacate the district court's stay the very next business day—Monday, April 3.

**2.** There is also good cause for an enlargement of the default word limits for motions, oppositions, and replies, as set out in the proposed briefing schedule below. Not only does this case involve, in the district court's words, "potentially novel and admittedly difficult legal questions" (D. Ct. Dkt. 53, at 17 (quotation marks omitted; alteration incorporated))—but given the time pressures noted above, this round of motions briefing will be the only opportunity to litigate the legality of the exculpation provision before the Binance.US acquisition is set to become voidable (with the resulting loss of $100 million in creditor value), making it all the more important that all issues are fully ventilated now.

### PROPOSED BRIEFING SCHEDULE

In consideration of the good cause shown for expedited briefing, and to facilitate resolution of this urgent matter by **April 12, 2023**, the Committee respectfully proposes the following briefing schedule and brief length:

| | | |
|---|---|---|
| April 3, 2023 | Committee's motion to vacate the stay | 12,000 words |
| April 6, 2023 | Government's opposition | 12,000 words[1] |
| April 9, 2023 | Committee's reply | 6,000 words |

---

[1] In discussions, the government had proposed filing its opposition brief instead on Friday, May 7. The government did not appear to oppose the Committee's request for an expansion of words, provided that its opposition brief is afforded equivalent length.

5

## CONCLUSION

The Court should expedite consideration of the Committee's emergency motion to vacate the district court's stay and enter the briefing schedule and enlargement of word limits proposed above, which will enable resolution of the Committee's motion by or before April 12, 2023.

Dated: April 3, 2023  Respectfully submitted,

/s/ *Paul W. Hughes*

DARREN AZMAN  PAUL W. HUGHES
JOSEPH B. EVANS  ANDREW A. LYONS-BERG
  *McDermott Will & Emery LLP*  CHARLES SEIDELL
  *One Vanderbilt Avenue*    *McDermott Will & Emery LLP*
  *New York, NY 10017-3852*    *500 North Capitol Street NW*
  *(212) 574-5400*    *Washington, DC 20001*
  *(202) 756-8000*

*Counsel for the Official Committee of Unsecured Creditors*

7

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned counsel for Appellant certifies that this motion:

(i) complies with Rule 27(d)(2) because it contains 955 words, including footnotes and excluding the parts of the brief exempted by Rule 32(f); and

(ii) complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared using Microsoft Office Word 2016 and is set in New Century Schoolbook font in a size equivalent to 14 points or larger.

Dated: April 3, 2023 /s/ *Paul W. Hughes*

**CERTIFICATE OF SERVICE**

    I hereby certify that that on April 3, 2023, I filed the foregoing brief via the Court's CM/ECF system, which effected service on all registered parties to this case.

Dated: April 3, 2023                                               <u>/s/ *Paul W. Hughes*</u>